Kenneth Earl SAYERS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. 0–76–571.

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1977.

Rehearing Denied Feb. 11, 1977.

Charles W. Stubbs, Stubbs, Stiner & Pace, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Michael Darrah, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Kenneth Earl Sayers, hereinafter referred to as defendant, was given a two (2) year suspended sentence on June 11, 1975, for Uttering a Forged Instrument. On June 22, 1975, he was arrested for Possession of Stolen Property, and subsequently the suspension of sentence for Uttering a Forged Instrument was revoked following a hearing on January 29, 1976, in accordance with 22 O.S.Supp.1974, § 991b. From that revocation defendant has perfected this appeal.

The sole witness at the revocation hearing was Danny Cochran of the Oklahoma City Police Department. He testified that on June 22, 1975, he was the victim of a burglary, and that one person, Mark Grubbs, was arrested. Grubbs told the police that there had been three persons involved in the burglary, and he named the other two as being Benny Southward and Marvin Maddox. After Southward was arrested, Officer Cochran took Grubbs with him in a police car and went to find Maddox. Grubbs supplied Officer Cochran with an address, and when they got there he directed Officer Cochran's attention to a parked car. Officer Cochran approached the car and observed that one of the occupants was wearing a shirt taken in the burglary. He thereupon arrested all three occupants of the car, one of whom was the defendant. A search revealed that the defendant had the officer's .22 pistol in his pocket.

The defendant's three assignments of error all revolve around the admissibility of the pistol. He first contends that it was unconstitutionally obtained; that it was, therefore, inadmissible in the revocation hearing; and, finally that without the pistol there was no evidence of the violation alleged, and hence no ground for revocation. However, we find no merit in the defendant's contentions. When the officer observed the third burglar wearing the officer's shirt on the same day that the burglary had been committed, he was justified in arresting all three persons in the car, and having arrested them he had a clear right to search them. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). We therefore affirm the revocation of suspension.

BRETT, P. J., and BUSSEY, J., concur.